B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Eastern District of New York

In re **Evelyn Karibandi** _____  Case No. **8-22-73328**
                              Debtor(s)            Chapter **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ 6,500.00 |
   | Prior to the filing of this statement I have received | $ 6,500.00 |
   | Balance Due | $ 0.00 |

2. $ **273.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **November 29, 2022** | **/s/ Stuart P. Gelberg** |
| Date | **Stuart P. Gelberg sg6986** |
| | _Signature of Attorney_ |
| | **Stuart P. Gelberg, Esq** |
| | **600 Old Country Road Ste 410** |
| | **Garden City, NY 11530-2009** |
| | **516-228-4280  Fax: 516-228-4278** |
| | **spg@13trustee.net** |
| | _Name of law firm_ |

# CHAPTER 13
# RETAINER AGREEMENT

I (we) _Evelyn Karibrand_, _____ have retained Stuart P. Gelberg, Esq. to represent me (us) in a Chapter 13 Bankruptcy proceeding. I (We) agree that the fee for representation in this proceeding is $ _6500_ plus the $313.00 filing fee.

I (we) understand that $ _6500_ plus the $313.00 filing fee must be paid before the petition is filed. No petition will be filed unless that portion of the fee is paid. The balance, if any, of $ _0_ will be paid by the Trustee from the proceeds of our pre-confirmation and/or post-confirmation payments for my (our) Chapter 13 plan. By signing this Retainer, I (we) hereby assign to Stuart P. Gelberg, Esq., our interest in the money I (we) pay to the Trustee, whether the case is confirmed or dismissed, to the extent necessary to satisfy any unpaid legal fees pursuant to this Retainer Agreement.

In the event the Trustee issues a refund check after dismissal, by us signing this Agreement, you are authorized, without the need for any further writing, to endorse it, on my (our) behalf, deposit it into your escrow account and pay yourself any balance due with any excess to be refunded by mail.

Included in the fee are the following:

1. Preparation and filing of a Chapter 13 petition, statement and plan.

2. Stop garnishment and/or wage assignment, if necessary.

3. Representation at the Section 341 Hearing and all adjournments **except** those caused by my (our) failure to come to Court or by my (our) failure to provide necessary documents for the progress of the case.

4. Preparation and filing of an amended plan, prior to confirmation, if necessary.

5. Representation at the Confirmation Hearing and all adjournments **except** those caused by my (our) failure to come to Court or by my (our) failure to provide necessary documents or payments for the progress of this case.

I (We) understand that the above services are all that are necessary, in most cases. Representation after Confirmation, if necessary, is **not** included in this fee. In the event that additional services are necessary, I (we) agree to pay the following fees for the following services:

1. Attend an adjourned Section 341 or confirmation hearing caused by my (our) failure to come to Court or failure to provide necessary documents or to make the required payments for the progress of the case - $375.00.

2. Handling of a motion to lift the stay or to dismiss because of my (our) failure to pay mortgage payments -$475.00.

**3.** Handling of a motion to dismiss or convert my (our) plan due to my (our) failure to make plan payments - $475.00.

**4.** Amending schedules, prior to confirmation, to include an asset or a debt I (we) failed to disclose to Stuart P. Gelberg, Esq. prior to the filing of my (our) petition - $250.00 plus $32.00 Court filing fee.

**5.** Preparation and filing of an amended plan, prior to confirmation, caused by the inclusion of additional assets or creditors which I (we) failed to disclose to Stuart P. Gelberg, Esq. prior to the filing of the petition - $225.00.

**6.** Conversion to Chapter 7 including preparation of schedules and attendance at a Chapter 7 Section 341 Hearing - $700.00.

**7.** Motions on my (our) behalf to expunge or reduce claims or to avoid liens - $500.00 and up.

**8.** Any contested proceeding, U.S. Trustee audit or litigation not specifically enumerated above - $475.00 per hour and up.

I (we) understand that if I (we) do not pay the additional fees to Stuart P. Gelberg, Esq. before the case is confirmed that Stuart P. Gelberg, Esq. may file an amended proof of claim for the additional fees due them and that I (we) will receive a copy of this amended proof of claim in the mail. I (we) understand that all legal fee payments are not refundable.

I (we) understand that if I (we) fail to pay Stuart P. Gelberg, Esq. any fee agreed upon in this retainer agreement when it becomes due, then Stuart P. Gelberg, Esq. will stop all work on my (our) case and ask the Court to be relieved as my (our) attorney.

Due to a conflict in scheduling or other reason, Stuart P. Gelberg may be unable to appear at a hearing. In that event, another attorney hired and paid for by Stuart P. Gelberg will appear with you at that hearing. It is agreed and consented that the other attorney will represent you at that hearing.

While we seek to avoid any fee disputes with our clients, and rarely have such disputes, in the event that a dispute arises between us relating to our fees, you may have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts, a copy of which will be provided to you upon request. In such event, we shall advise you in writing by certified mail that you have thirty (30) days from receipt of such notice in which to elect to re-solve the dispute by arbitration, and we shall enclose a copy of the arbitration rules and a form for requesting arbitration. The decision resulting from arbitration is binding upon both you and this Firm.

**SPECIAL NOTE:** I (we) understand there is **NO PROTECTION** against foreclosure/eviction/garnishment until the petition is filed in Court. I (we) understand that my (our) petition will not be filed until I (we) have paid Stuart P. Gelberg, Esq. $ _6500_ plus the $313.00 filing fee with the balance, if any, to be paid by the Trustee. Additionally, if the final installment is paid by personal check, I (we) understand that Stuart P. Gelberg, Esq. will not file this Chapter 13 petition for ten (10) business days. The initial deposit is earned upon payment, and if you change your mind, it will be credited against your account, but will not be refunded.

Upon completion of this case, this office will retain your file for a period of six years and financial records, if any, for seven years. Thereafter the file will be properly disposed of. If you wish to have your file before its disposal please inform me of your wishes.

This office's representation of you in this matter will terminate upon your discharge/dismissal.

It is not necessary to retain an attorney to file bankruptcy.

*AGREED AND CONSENTED TO:*                         DATE: Nov 7, 2022

_____                     _____
**Client**                                          By: Stuart P. Gelberg, Esq.

_____
**Client Spouse**
RETAINER.13 - 12/09/2020

RETAINER.13 - 11/20/2018                    3

# Statement of Client's Rights
Section 1210.1 of the Joint Rules of the Appellate Division amended April 15, 2013
(22 NYCRR §1210.1)

1. You are entitled to be treated with courtesy and consideration at all times by your lawyer and the other lawyers and nonlawyer personnel in your lawyer's office.

2. You are entitled to have your attorney handle your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to discharge your attorney and terminate the attorney-client relationship at any time. (Court approval may be required in some matters, and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge.)

3. You are entitled to your lawyer's independent professional judgment and undivided loyalty uncompromised by conflicts of interest.

4. You are entitled to be charged reasonable fees and expenses and to have your lawyer explain before or within a reasonable time after commencement of the representation how the fees and expenses will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any arrangement for fees and expenses that you find unsatisfactory. In the event of a fee dispute, you may have the right to seek arbitration; your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request.

5. You are entitled to have your questions and concerns addressed promptly and to receive a prompt reply to your letters, telephone calls, emails, faxes, and other communications.

6. You are entitled to be kept reasonably informed as to the status of your matter and are entitled to have your attorney promptly comply with your reasonable requests for information, including your requests for copies of papers relevant to the matter. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter and make informed decisions regarding the representation.

7. You are entitled to have your legitimate objectives respected by your attorney. In particular, the decision of whether to settle your matter is yours and not your lawyer's. (Court approval of a settlement is required in some matters.)

8. You have the right to privacy in your communications with your lawyer and to have your confidential information preserved by your lawyer to the extent required by law.

9. You are entitled to have your attorney conduct himself or herself ethically in accordance with the New York Rules of Professional Conduct.

10. You may not be refused representation on the basis of race, creed, color, religion, sex, sexual orientation, age, national origin or disability.